**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICAH SOLOMON,                  :
                                                                     Civil Action No. 12-2117 (JBS)
            Petitioner,    :

            v.              :      **OPINION**

J.T. SHARTLE,                   :

            Respondent.    :

**APPEARANCES:**

Micah A. Solomon
60595-066
FCI Fairton
P.O. Box 420
Fairton, NJ  08320
    Petitioner pro se

Irene E. Dowdy, Assistant U.S. Attorney
Office of the U.S. Attorney
401 Market Street, Fourth Floor
P.O. Box 2098
Camden, NJ 08101
    Attorney for Respondent

**SIMANDLE,** Chief Judge:

    Petitioner Micah Solomon, a prisoner currently confined at the Federal Correctional Institution at Fairton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] challenging the calculation of his sentence.  J.T.

---

[1] Section 2241 provides in relevant part:

    (a) Writs of habeas corpus may be granted by the ... the district courts ... within their respective jurisdictions ...
    (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

Shartle, Warden, is named as the sole respondent.  Petitioner has paid the filing fee.

Respondent submitted a response with the relevant record, and Petitioner filed a reply thereto.  This Court has reviewed the written submissions of the parties, and for the reasons stated below, the Court will dismiss the petition as moot.

## I.   BACKGROUND

Petitioner Micah Solomon is currently a federal inmate incarcerated at FCI Fairton, in Fairton, New Jersey.  He filed this petition pursuant to 28 U.S.C. § 2241 in dispute of the calculation of his federal sentence.  With this Petition, Petitioner seeks relief in the form of prior custody credit "in the amount of 34 days toward his federal sentence for time spent in custody of the Philadelphia Prison System as a result of his federal charges." (Dkt. 1 at 2.)  Petitioner enumerates various dates of incarceration in his Petition, but the specific dates that he challenges here as applicable to his federal sentence are August 10, 2004 through August 26, 2004[2], when he was being held within the Philadelphia Prison System while awaiting a hearing, and from May 23, 2005 through June 8, 2005, when he was again transferred into the custody of Philadelphia authorities while awaiting another hearing.  (Dkt. 1 at 2-4.)

---

[2] Respondents note in their answer that the actual date was August 25, 2004.

Respondent states that, in response to the issues raised in the instant Petition, the Federal Bureau of Prisons ("BOP") Designation and Sentence Computation Center ("DSCC") investigated Petitioner's claims and has now awarded the additional custody credits with respect to the presentence custody credit as detailed in the Petition.  Specifically, the DSCC contacted the Philadelphia Prison System and determined that during the time periods in question, Petitioner was being held in Philadelphia custody on charges related to the multiple counts charged in Petitioner's federal sentence.  (Dkt. 7 at 11.)  During this inquiry, the DSCC further found that Petitioner was entitled to additional prior custody credit for the period of March 22, 2005 to April 19, 2005.  (Dkt. 7 at 12.)  Accordingly, the BOP has now credited Petitioner's federal sentence for the following time periods: August 3, 2004 – August 25, 2004, March 22, 2005 – June 8, 2005, and May 10, 2006 – November 6, 2007 for a total of 58 days of additional prior credit to be applied.[3]  (Dkt. 7 at 12.)

## II.  DISCUSSION

A.  Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation

---

[3] The Court agrees that the BOP's new computation amounts to a total of 58 days of additional credit (648 days versus 590 days) to be applied to Petitioner's federal sentence.  The BOP has properly adjusted Petitioner's release date from April 18, 2013 to February 19, 2013, see Resp. Ans. at 12 (Dkt. 7 at 12); Decl. of Kellen Jean Goulet at ¶¶ 4-7 & Att. C, D, & E.  (Dkt. 7-1, 7-4, 7-5 & 7-6).

of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied: (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989). The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed." Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng, 490 U.S. at 490-91).

    This Court has subject matter jurisdiction under § 2241 to consider the a petition where the petitioner challenges the fact or duration of his federal sentence, where the petitioner was in custody in New Jersey at the time he filed the Petition, see Burkey v. Marberry, 556 F.3d 142, 145 (3d Cir. 2009); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242-44 (3d Cir. 2005), and he filed his petition in the district of confinement and named the Warden as respondent, see Burkey at 145. The question here, whether the BOP has responded to Petitioner's administrative remedy filings, causes this Petition to become moot because it no longer presents a case or controversy under Article III, § 2, of the Constitution. See Spencer v. Kemna, 523 U.S. 1, 7 (1998); DeFunis v. Odegaard, 416 U.S. 312, 316 (1974); Burkey, supra.

B.   Mootness

The exercise of judicial power depends upon the existence of a case or controversy because Article III of the Constitution limits the judicial power of federal courts to "cases or controversies" between parties.  U.S. CONST. art. III, § 2. "This "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.... The parties must continue to have 'a personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990).  "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Spencer, 523 U.S. at 7 (citation and internal quotation marks omitted).

Here, Petitioner seeks for this Court to compel the BOP to award prior custody credit under 18 U.S.C. § 3585(b) toward his federal sentence, for time previously served while in the custody of Philadelphia authorities.  The BOP since has reviewed Petitioner's eligibility for credit and has awarded him prior custody credit for that time served, as reflected in Respondents' Answer, thereby giving Petitioner all the relief this Court could have ordered if it had granted a Writ of Habeas Corpus.  Thus, the BOP's award of prior custody credit renders the Petition moot because Petitioner is no longer threatened with "an actual injury

5

traceable to the [BOP] and likely to be redressed by a favorable judicial decision." Spencer, 523 U.S. at 7; see also Wilson v. Reilly, 163 Fed. App'x 122 (3d Cir. 2006) (When the Parole Board provided habeas petitioner with the relief sought in his § 2241 petition, this rendered his habeas claim moot).  This Court will therefore dismiss the Petition as moot.

### III.   CONCLUSION

For the reasons set forth above, the Petition will be dismissed as moot.  An appropriate order follows.


        s/ Jerome B. Simandle
JEROME B. SIMANDLE
Chief Judge
United States District Court

Dated:   **December 10, 2012**